JAN-02-2012 01:37 PM    JOHNSn                          5624206289                    P.01

B27 (Official Form 27) (12/09)

# United States Bankruptcy Court
### _____Central_____ District Of _____California_____

In re **DEBORAH J SCHULZ**,
        Debtor

Case No. **2:11-bk-55554-RN**
Chapter **7**

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name: **Ford Motor Credit Company, LLC**

2. Amount of the debt subject to this reaffirmation agreement:
   $ **16,185.87** on the date of bankruptcy   $ **15,768.23** to be paid under reaffirmation agreement

3. Annual percentage rate of interest:   **7.90** % prior to bankruptcy
   **7.90** % under reaffirmation agreement ( **X** Fixed Rate ____ Adjustable Rate)

4. Repayment terms (if fixed rate): $ **567.03** per month for **28** months

5. Collateral, if any, securing the debt: Current market value: $ **16,100.00**
   Description: **2007 FORD F150 , VIN 1FTRX12W07FB60817**

6. Does the creditor assert that the debt is nondischargeable? ____ Yes  **X** No
   (If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.) **Creditor reserves the right to assert otherwise.**

| Debtor's Schedule I and J Entries | | Debtor's Income and Expenses as Stated on Reaffirmation Agreement | |
|---|---|---|---|
| 7A. Total monthly income from Schedule I, line 16 | $4,365.84 | 7B. Monthly income from all sources after payroll deductions | $4,365.84 |
| 8A. Total monthly expenses from Schedule J, line 18 | $4,403.00 | 8B. Monthly expenses | $4,297.03 |
| 9A. Total monthly payments on reaffirmed debts not listed on Schedule J | $0 | 9B. Total monthly payments on reaffirmed debts not included in monthly expenses | $567.03 |
| | | 10B. Net monthly income (Subtract sum of lines 8B and 9B from line 7B. If total is less than zero, put the number in brackets.) | $68.81 |

JAN-02-2012 01:38 PM    JOHNSn                    5624206289                P.02

B27 (Official Form 27) (12/09)                                              Page 2

11. Explain with specificity any difference between the income amounts (7A and 7B):

    N/A

12. Explain with specificity any difference between the expense amounts (8A and 8B):

    Debtor's decreased misc. expenses in order to make monthly installment payments.

If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

_/s/ Deborah J Schulz_                              _____
Signature of Debtor (only required if                Signature of Joint Debtor (if applicable, and only
line 11 or 12 is completed)                          required if line 11 or 12 is completed)

**Other Information**

☐  Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt: _____

_____

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
    _X_ Yes            ___ No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
    ___ Yes            _X_ No

**FILER'S CERTIFICATION**

I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

                                    _/s/ Jennifer H. Wang_
                                    Signature

                                    Jennifer H. Wang, Attorney for Creditor
                                    Print/Type Name & Signer's Relation to Case

AN-02-2012 01:38 PM   JOHNSn                              5624206289                    P.03

B240A/B ALT (Form 240A/B ALT) (Reaffirmation Agreement) (12/11)

☐ Presumption of Undue Hardship
☐ No Presumption of Undue Hardship
(Check box as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement.)

## UNITED STATES BANKRUPTCY COURT
### Central District of California

In re  DEBORAH J SCHULZ_____,        Case No. 2:11-bk-55554-RN
              Debtor                                  Chapter  7

### REAFFIRMATION AGREEMENT
*[Indicate all documents included in this filing by checking each applicable box.]*

☒ Part A: Disclosures, Instructions, and        ☒ Part D: Debtor's Statement in
   Notice to Debtor (pages 1 - 5)                       Support of Reaffirmation Agreement

☒ Part B: Reaffirmation Agreement                ☐ Part E: Motion for Court Approval

☒ Part C: Certification by Debtor's Attorney

*[Note: Complete Part E only if debtor was not represented by an attorney during the course of negotiating this agreement. Note also: If you complete Part E, you must prepare and file Form 240C ALT - Order on Reaffirmation Agreement.]*

Name of Creditor: Ford Motor Credit Company, LLC_____

☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

1.  DISCLOSURE STATEMENT

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

SUMMARY OF REAFFIRMATION AGREEMENT
   This Summary is made pursuant to the requirements of the Bankruptcy Code.

### AMOUNT REAFFIRMED

   The amount of debt you have agreed to reaffirm:        $ 15,758.23_____

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

**Form 240A/B ALT - Reaffirmation Agreement (Cont.)**                                    2

<u>**ANNUAL PERCENTAGE RATE**</u>

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

    a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

    (i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _____%.

*--- And/Or ---*

    (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

$ _____ @ _____ %;
$ _____ @ _____ %;
$ _____ @ _____ %.

    b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (I) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

    (i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: __7.90__ %.

*--- And/Or ---*

    (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

Form 240A/B ALT - Reaffirmation Agreement (Cont.)                                    3

$_____ @ _____%;
$_____ @ _____%;
$_____ @ _____%.

    c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

    The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

    d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

| Item or Type of Item | Original Purchase Price or Original Amount of Loan |
|---|---|
| 2007 FORD F150<br>VIN 1FTRX12W07FB60817 | $32,326.08 |

*Optional*—*At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**Repayment Schedule:**

Your first payment in the amount of $__567.03__ is due on __12/20/11__ (date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

— *Or* —

Your payment schedule will be: _____ (number) payments in the amount of $_____ each, payable (monthly, annually, weekly, etc.) on the _____ (day) of each _____ ( week, month, etc.), unless altered later by mutual agreement in writing.

— *Or* —

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

    2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Form 240A/B ALT - Reaffirmation Agreement (Cont.)**                                    4

    **Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

    1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

    2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

    3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

    4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

    5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

    6. If the creditor is not a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. If the creditor is a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

    7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

JAN-02-2012 01:41 PM    JOHNSh                              5624206289                    P.07

**Form 240A/B ALT - Reaffirmation Agreement (Cont.)**                                           5

### YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

*What are your obligations if you reaffirm the debt?* A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

*Are you required to enter into a reaffirmation agreement by any law?* No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

*What if your creditor has a security interest or lien?* Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the property securing the lien if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you must make a single payment to the creditor equal to the amount of the allowed secured claim, as agreed by the parties or determined by the court.

> NOTE: When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

Form 240A/B ALT - Reaffirmation Agreement (Cont.)                                          6

PART B: REAFFIRMATION AGREEMENT.

   I (we) agree to reaffirm the debts arising under the credit agreement described below.

   1. Brief description of credit agreement:
      Retail Installment sales contract.


   2. Description of any changes to the credit agreement made as part of this reaffirmation agreement: None


SIGNATURE(S):

Borrower:                                      Accepted by creditor:

DEBORAH J SCHULZ                               Ford Motor Credit Company, LLC
(Print Name)                                   (Printed Name of Creditor)
*(signature)*                                  P.O. Box 7172
(Signature)                                    Pasadena, CA 91109-7172
Date: 1-2-2012                                 (Address of Creditor)

                                               *(signature)*
                                               (Signature)
Co-borrower, if also reaffirming these debts:  Jennifer H. Wang, Attorney for Creditor

_____                       (Printed Name and Title of Individual
(Print Name)                                   Signing for Creditor)

_____                       Date of creditor acceptance:
(Signature)                                    1/3/12
Date: _____

JAN-02-2012 01:44 PM    JOHNSn                    5624206289                    P.11

Form 240A/B ALT - Reaffirmation Agreement (Cont.)                    7

### PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: **Tyson Takeuchi**

Signature of Debtor's Attorney: _/s/_

Date: 1-02-2012

JAN-02-2012 01:43 PM   JOHNSn                    5624206289                      P.10

Form 240A/B ALT - Reaffirmation Agreement (Cont.)                                    8

PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

*[Read and complete sections 1 and 2, OR, if the creditor is a Credit Union and the debtor is represented by an attorney, read section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 and your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship"]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $4,365.84, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $4,2970.3 leaving $l08.81 to make the required payments on this reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: _____
family assistance when needed.

(Use an additional page if needed for a full explanation.)

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____
        (Debtor)

        _____
        (Joint Debtor, if any)
Date:   1-02-2012

— Or —

*[If the creditor is a Credit Union and the debtor is represented by an attorney]*

3. I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____
        (Debtor)

        _____
        (Joint Debtor, if any)
Date:   _____

JAN-02-2012 01:42 PM    JOHNSn                            5624206289                    P.09

Form 240A/B ALT - Reaffirmation Agreement (Cont.)                                        9

**PART E: MOTION FOR COURT APPROVAL**
*[To be completed and filed only if the debtor is not represented by an attorney during the course of negotiating this agreement.]*

### MOTION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions *(check all applicable boxes)*:

☐ 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

☐ 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income)

Signed: _____
         (Debtor)

         _____
         (Joint Debtor, if any)

Date: _____

| In re | (SHORT TITLE) | CASE NO.: 2:11-bk-55554-RN |
|---|---|---|
| Deborah J. Schulz | Debtor(s). | |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document described as **Reaffirmation Agreement** _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On January 04, 2012 _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

HONORABLE RICHARD M. NEITER
U.S. BANKRUPTCY COURT
ROYBAL FEDERAL BUILDING
255 E. TEMPLE STREET, SUITE 1652
LOS ANGELES, CA 90012-3332

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 04, 2012 | Devonie Harris | *signature* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

# RETAIL INSTALLMENT SALE CONTRACT — SIMPLE FINANCE CHARGE

| Dealer Number | R.O. Number 42713 | Stock Number 7B60817 |
|---|---|---|

**Buyer (and Co-Buyer) Name and Address (Including County and Zip Code)**
DEBORAH J SCHULZ
2075 NEWPORT BLVD
COSTA MESA   ORANGE   CA 92627

**Creditor - Seller (Name and Address)**
THEODORE ROBINS INC   AUG 0 2 2007
2060 HARBOR BLVD
COSTA MESA   CA 92628-5055

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2007 | FORD F-150 | 1527 | 1FTRX12W07FB60817 | ☒ personal, family or household ☐ business or commercial |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 3,207.00 |
|---|---|---|---|---|
| 7.90 % | $ 8,500.08 (e) | $ 32,326.08 | $ 40,826.16 (e) | $ 44,033.16 (e) |

(e) means an estimate

**YOUR PAYMENT SCHEDULE WILL BE:**

| Number of Payments | Amount of Payments | When Payments Are Due: |
|---|---|---|
| One Payment of | N/A | |
| One Payment of | N/A | |
| 71 Payments | 567.03 | Monthly, Beginning 09/06/2007 |
| Payments | N/A | Monthly, Beginning |
| One Final Payment | 567.03 | 08/06/2013 |

Late Charge. If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
Prepayment. If you pay off your debt early, you will not have to pay a minimum finance charge.
Security Interest. You are giving a security interest in the vehicle being purchased.
Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

### ITEMIZATION OF THE AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)

1. **Total Cash Price**
   - A. Cash Price of Motor Vehicle and Accessories $ 28,350.00 (A)
     1. Cash Price Vehicle  $ 25,535.00
     2. Cash Price Accessories  $ 2,845.00
     3. Other (Nontaxable)
        - Describe _____  $ N/A
        - Describe _____  $ N/A
   - B. Document Preparation Fee (not a governmental fee) $ 55.00 (B)
   - C. Smog Fee Paid to Seller  $ N/A (C)
   - D. (Optional) Theft Deterrent Device (to whom paid) $ 395.00 (D)
   - E. (Optional) Theft Deterrent Device (to whom paid) $ N/A (E)
   - F. (Optional) Surface Protection Product (to whom paid) $ N/A (F)
   - G. (Optional) Surface Protection Product (to whom paid) $ N/A (G)
   - H. Sales Tax (on taxable items in A through G) $ 2234.33 (H)
   - I. Optional DMV Electronic Filing Fee $ 28.00 (I)
   - J. (Optional) Service Contract (to whom paid) FORD ESP $ 2400.00 (J)
   - K. (Optional) Service Contract (to whom paid) $ N/A (K)
   - L. (Optional) Service Contract (to whom paid) SUPERIOR A FORD MATH $ 1000.00 (L)
   - M. Prior Credit or Lease Balance paid by Seller ESP
     (see downpayment and trade-in calculation)  $ N/A (M)
   - N. (Optional) Gap Contract (to whom paid) AHIS(ERJ I $ 700.00 (N)
   - O. (Optional) Used Vehicle Contract Cancellation Option Agreement $ N/A (O)
   - P. Other (to whom paid) $ N/A (P)
     For _____
   - Total Cash Price (A through P) $ 35192.33 (1)

2. **Amounts Paid to Public Officials**
   - A. License Fees ESTIMATED  $ 332.00 (A)
   - B. Registration/Transfer/Titling Fees  $ N/A (B)
   - C. California Tire Fees  $ 8.75 (C)
   - D. Other _____  $ N/A (D)
   - Total Official Fees (A through D) $ 340.75 (2)

3. **Amount Paid to Insurance Companies**
   (Total premiums from Statement of Insurance column a + b) $ N/A (3)

4. ☐ Smog Certification or ☐ Exemption Fee Paid to State  $ N/A (4)

5. **Subtotal** (1 through 4)  $ 35533.08 (5)

6. **Total Downpayment**
   - A. Agreed Trade-In Value  Yr 1997  Make GMC  $ 1200.00 (A)
     Model SONOMA  Odom 152306
     VIN 1GTCS1440VK510225
   - B. Less Prior Credit or Lease Balance  $ N/A (B)
   - C. Net Trade-In (A less B) (indicate if a negative number) $ 1200.00 (C)
   - D. Deferred Downpayment  $ N/A (D)
   - E. Manufacturer's Rebate  $ 2007.00 (E)
   - F. Other _____  $ N/A (F)
   - G. Cash  $ N/A (G)
   - Total Downpayment (C through G)  $ 3207.00 (6)
   (If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1M above)

7. **Amount Financed** (5 less 6)  $ 32326.08 (7)

### SELLER ASSISTED LOAN
BUYER MAY BE REQUIRED TO PLEDGE SECURITY FOR THE LOAN, AND WILL BE OBLIGATED FOR THE INSTALLMENT PAYMENTS ON BOTH THIS RETAIL INSTALLMENT SALE CONTRACT AND THE LOAN.
Proceeds of Loan From: N/A
Amount $ N/A   Finance Charge $ N/A
Total $ N/A   Payable in
installments of $ N/A   $ N/A
Borrower's Loan is shown in item 6D.

### AUTO BROKER FEE DISCLOSURE
If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:
☐ Name of autobroker receiving fee, if applicable:
N/A

### STATEMENT OF INSURANCE
NOTICE. No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

**Vehicle Insurance**

| | Term Mos | Premium |
|---|---|---|
| N/A Ded Comp, Fire & Theft | N/A | $ N/A |
| N/A Ded Collision | N/A Mos | $ N/A |
| Bodily Injury | N/A Limits | N/A Mos $ N/A |
| Property Damage | N/A Limits | N/A Mos $ N/A |
| Medical | N/A | N/A Mos $ N/A |
| Total Vehicle Insurance Premiums | | $ N/A (a) |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.
You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X N/A
Co-Buyer X
Seller ?

If any insurance is checked above, policies or certificates from the named insurance companies will describe the terms and conditions.

### Application for Optional Credit Insurance
☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability (Buyer Only)

| | Term | Exp. | Premium |
|---|---|---|---|
| Credit Life | N/A Mos. | | $ N/A |
| Credit Disability | N/A Mos. | | $ N/A |
| Total Credit Insurance Premiums | | | $ N/A (b) |

Insurance Company Name N/A
Home Office Address N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown above.

You are applying for the credit insurance marked above. Your signature below means that you agree that: (1) You are not eligible for insurance if you have reached your 65th birthday. (2) You are eligible for disability insurance only if you are working for wages or profit 30 hours a week or more on the Effective Date. (3) Only the Primary Buyer is eligible for disability insurance. DISABILITY INSURANCE MAY NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST 6 MONTHS (Refer to "Total Disabilities Not Covered" in your policy for details).

You want to buy the credit insurance.

Date ____ X _____ Buyer Signature ____ Age __
Date ____ X _____ Co-Buyer Signature ____ Age __

### OPTIONAL GAP CONTRACT
A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 1N. See your gap contract for details on the protection it provides. It is a part of this contract.
Term 72 Mos. AHIS(ERJ INSURA
Name of Gap Contract
You want to buy a gap contract.
Buyer X Deborah J Schulz

### OPTIONAL SERVICE CONTRACT(S)
You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in Item 1J, 1K, and/or 1L above.

1J Company FORD ESP
Term 72 Mos. or 75000 Miles
1K Company N/A
Term N/A Mos. or N/A Miles
1L Company SUPERIOR AUTO CARE
Term 72 Mos. or 120000 Miles
Buyer X Deborah J Schulz

### HOW THIS CONTRACT CAN BE CHANGED
This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.
Buyer Sign X Deborah J Schulz
Co-Buyer Sign X

OPTION: ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before _____ , Year _____ . SELLER'S INITIALS _____

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED BY LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

**WARNING:** YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE SOLD THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

5/5 X Deborah J Schulz

Representations of Buyer: Seller has relied on the truth and accuracy of the information provided by you in connection with the Trade-In Vehicle. You represent that you have given a true payoff amount on the vehicle traded in. If the payoff amount is more than the amount shown above in item 6B as "Prior Credit or Lease Balance," you must pay Seller the excess on demand. If the payoff amount is less than the amount shown above in item 6B as "Prior Credit or Lease Balance," Seller will refund the difference to you.
Buyer X Deborah J Schulz   Co-Buyer X

Notice to buyer: (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.
If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.
After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature Deborah J Schulz   Co-Buyer Signature X

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.**

| THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION | YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT. |
|---|---|
| California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a 2-day contract cancellation option on used vehicles with a purchase price of less than $40,000, subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation agreement for details. | |

Buyer Signature Deborah J Schulz  Date 07/21/2007  Co-Buyer Signature X _____ Date _____
Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.
Other Owner Signature X _____ Address _____

GUARANTY: To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the full amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a partial release to any other Guarantor; (3) release any security; (4) accept less than the full amount owing; (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completely filled-in copy of this contract at the time of signing.
Guarantor waives notice of acceptance of this Guaranty, notice of Buyer's non-payment, non-performance, and default, and notices of the amount owing at any time and of any demands upon the Buyer.

Guarantor X _____ Date _____   Guarantor X _____ Date _____
Address _____                    Address _____

Seller Signs THEODORE ROBINS INC   Date 07/21/2007   By X _____ Title _____

LAW FORM NO. 553-CA

ORIGINAL LIENHOLDER